2025 Hansen v. MSPB Mr. Maycomber, please proceed. Good morning. May it please the Court. My name is Michael Maycomber. I represent the appellant Adelko Hansen in his appeal to the Merit System Protection Board's decision denying jurisdiction in his case. There are two essential issues on appeal here. The first is whether the administrative judge erred in finding that Mr. Hansen or Dr. Hansen did not non-frivolously allege a protected disclosure. The second issue being whether or not the administrative judge erred in not analyzing... On page 23 of the blue brief, Mr. Hansen argues that it was wrong for the administrative judge to dismiss the first four disclosures because AJ's argument completely... President of Afghanistan's bedside and replace the professional with someone unqualified for the position. Who's the unqualified person? The unqualified person was actually Colonel Tate herself. She removed a nurse practitioner and replaced herself a midwife by training to provide care... Is she a midwife or a nurse midwife? I believe she was a midwife. You believe it? At this point in time, I can't confirm. But I believe the disclosure that he made... Is there a position in the armed forces for a midwife as opposed to a nurse midwife? To my knowledge, I'm not aware of that. Well, if you can't answer that question, then your whole case goes away, doesn't it? No, it does not. Because what you're talking about is an issue of the merits. Because here, what the court needs to look at is an issue of subject matter jurisdiction. The administrative judge dismissed this case based on the fact that he did not make these non-frivolous allegations. Whether or not she's a midwife or a nurse midwife or any of these other allegations, whether the reassignment of medical staff to non-medical staff, those are issues of merits. And on the question of jurisdiction, the board is limited to looking at whether or not the appellant has non-frivolously alleged a protected disclosure of gross mismanagement, abuse, waste, violation of law, rule, or regulation. So with respect to that fourth disclosure that you're referring to, Your Honor, Dr. Hansen disclosed that Colonel Tate abused her authority in replacing a qualified medical professional with herself for the sole purpose of getting closer to the President of Afghanistan for a photo opportunity. There cannot be any clearer example of an abuse of authority at that point in time to take advantage of her position for personal gain. Well, to be clear, what he alleged was that she replaced herself, an unqualified person. She replaced a qualified person with herself, an unqualified person. And he then said she touched sterile equipment, rendering it unsterile. He believed that she endangered his ability to provide medical treatment. Is that true? Yes. The allegations as you understand them. Well, then wouldn't it be relevant whether or not she actually is qualified or not? I mean, I understand he's alleged she's only a midwife. And it seems hard for me to believe that a midwife would be qualified to treat a male president of a country because, you know, they don't have those parts. But, you know, if she's not just a midwife and she's actually a nurse and a midwife, then theoretically she would be eligible to assist him. Do you think then that that has to go to the merits, i.e. a full trial? Or could there be a jurisdictional hearing that takes place to make that determination? There could be a jurisdictional hearing, but one was not had here. And that's the problem we have. At the jurisdictional stage, the appellant need only allege a non-frivolous allegation that he reasonably believes a violation occurred. And the problem we have here is that no hearing ever happened. You take a look at the other cases that we cite, the Drake case, the Johnston case, and the Gilbert case. In each one of those cases, this court reversed the Merit Systems Protection Board because the appellant non-frivolously alleged a violation. For example, in the Drake case, the appellant came forward and said a bunch of – I believe, again, it was the Department of the Army – were drinking while in theater overseas. Now, the court specifically points out whether or not they met the definition of intoxicated or not is not relevant at the question of jurisdiction, at the subject matter jurisdiction phase. When we get to the merits of the case after a hearing when an initial decision is rendered, yes, that's the appellant's burden to prove to ultimately prevail on their claim. But at the jurisdictional level, the level of proof that is required is significantly lower than it would be if we were to establish the merits of a claim. Taking, for example, as well, the first disclosure there, the administrative judge characterizes this repeatedly as just a mere staffing assignment. Dr. Hansen disclosed to the Office of Special Counsel as well to the Merit Systems Protection Board that this was not a mere staffing reassignment. He specifically disclosed that seven lieutenant colonels, three majors, and an independent contractor who were all medical staff were removed and replaced with non-medical staff, thereby jeopardizing the agency's mission to establish and provide quality medical care in Afghanistan at that time. But the problem there is the lower court held he doesn't allege specifics as to what, if any, health or harm or abuse of power that amounts to. He did, with regard to Colonel Tate replacing the person in a particular setting, those are specifics. The rest of the claims are at a level of generality that I'm not sure that a reasonable person reading them, he replaced medical staff with non-medical staff. Well, suppose those medical staff were doing administrative functions. Do you understand he didn't articulate that the medical staff were necessary to actually give flu shots or whatever? He didn't articulate what they were doing and what the new non-medically trained staff were doing that did, in fact, jeopardize the health mission. So there aren't the level of specificity, it seems to me, for many of these claims that would be necessary for a non-frivolous allegation. If you look at the other cases that I cite to, the Johnstown and the Gilbert case as well, again, we talk about the specificity that is required here. At the jurisdictional phase to establish subject matter jurisdiction, in Johnstown, the appellate came forward and identified that the agency had replaced safety management individuals with people who lacked the necessary training to do that. Now, Johnstown's probably the far end of the spectrum. They're dealing with nuclear weapons and things of that nature. But it's the same type of allegation, that you're taking qualified employees and replacing them with non-qualified employees, which could cause a substantial risk of harm. In that case, it was specific harm to those individuals. In this case, in Dr. Hansen's case, he made a disclosure that these reassignments to provide non-medical staff to do that is going to jeopardize— To do what? That's the problem. To do what? Non-medical staff to do what? He didn't allege what the people were doing that would amount to a harm to health or human services or an abuse of discretion. To do what? To replace them to do what? Right. Well, we also have to keep in mind— Right. No, you can't say right. It's a question. Okay. The question is, should he replace—or, Colonel, take the time to replace the medical staff with non-medical staff? Not the entire medical staff with non-medical—certain individuals. Yes. But what is the allegation that those individuals were performing? What tasks were they performing that the now, according to you, non-qualified individuals are performing? When we take a look at the appendix on page 46— I mean, my law clerks have law degrees, but sometimes the things that—they carry my briefs down here and put them on the desk. Right. I don't need a law degree to do that. I could replace them with someone who is capable of doing that. But that's a very good example. But if you were to replace your law clerks with people that hadn't attended law school, with a bunch of high school people that hadn't even gone to college, would that not cause a risk? Would you not be worried that they wouldn't know how to research cases? I wouldn't be worried if those people were only carrying my briefs down and putting them here and if I had other people up in my chambers who were helping me with cases. Yeah. But what we don't have is an allegation here that the non-medically trained staff were providing any medical services. We don't even have an allegation to that extent. So the allegation here is that it is detrimental to the agency's mission to— But you can't—you're just stating a conclusion. You're saying this happened and the conclusion is that this is an abuse of authority or it's a substantial danger to public health or safety. But you're not providing any connection between an event that happened and what that conclusion is. You can't just state I said this. That could have caused this and make that a disclosure. That's not a non-frivolous allegation of a disclosure. I disagree. I think Dr. Hansen came forward in both his OSC complaints and his submissions to the administrative judge and specifically identified that it was impacting the agency's mission. How? Because by replacing qualified medical staff— No, you're just repeating the same thing over and over again, which is they replaced these people and it impacted the mission. How? Again, at the jurisdictional stage, to make the non-frivolous allegation, he doesn't have to go into that level of specificity. A level of specificity is required, but it is also focusing on the fact— It can be completely conclusory though. Is that your point? No, it cannot be completely conclusory. But what you're saying is completely conclusory. I disagree. Well, your disagreeing doesn't help. I understand that. But this was but one of several disclosures that were made. I see that I'm getting into my rebuttal time. I'd like to reserve that. Absolutely. Okay. Are we hearing from Mr. Fung first? Yes. May it please the court. I'd like to start actually by addressing Judge Wallach and Judge Moore's point about Colonel Tate's qualifications, which is it's not in the record as to whether she's a nurse midwife, certified nurse midwife, or just regular midwife. And that's the problem, as you both pointed out. Nobody knows. I don't know. Mr. McCormick doesn't know. It's not clear Dr. Hansen knows. Nobody knows from this record whether she was qualified or not. And that level of nonspecificity is why that allegation was simply not enough to make a nondualist allegation of protective disclosure. Is there such a position in the armed forces? I don't know that either. And that's not in the record either. All we know is that he felt she was not qualified because she was a midwife. But a midwife does have some basic level of medical training such that they're at least allowed to be present. We don't know that. Where in the record is that? By the way, have you done research of states' certifications of midwives? Because in some places, it's my understanding people can hold themselves out as a midwife with no actual medical training and no certification or state registration or anything. I have not because it's not in the record. And he needed to allege more to establish that he had a reasonable belief that her action in replacing the other individual was arbitrary and capricious to establish as an abusive authority. Simply saying that she's a midwife is not specific enough to establish that. Did he say she's a midwife or she's only a midwife and thus unqualified to treat? I believe she just said a midwife. I don't think he said unqualified. Well, he definitely said unqualified to treat. He said unqualified to treat, but just saying she's a midwife, I don't think it's specific enough to establish that she's unqualified to treat because the nature of the treatment is also not alleged in the- He's a dude. That is correct, Your Honor. But still, there is some basic level- Never thought I'd have to work dude into an oral argument. Sort of a negative credit. It's a first for me too, Your Honor. She'd be qualified to work on that. There still needs to be a level of specificity beyond just saying she's unqualified. As you pointed out, his allegation was very conclusory to that effect. And without saying more, he hasn't made a non-publicist allegation of a protected disclosure. But you said you don't know whether she's only a midwife. The record doesn't reflect whether she's only the midwife. And then you actually said, and Mr. Hansen doesn't know whether she's only- Don't you think Mr. Hansen, A, probably does know? I mean, he's the one who made the allegation. But how can you assert what you think Dr. Hansen knows and doesn't know? I'm saying I don't know if he knows, but I'm saying the record doesn't indicate what he knows either. And that's the problem with his allegation. He needed to include more about what her qualifications were to actually establish- He just has to make a non-frivolous allegation. He just- I mean, he said she's not qualified to treat the President of Afghanistan. She's a midwife. The President's a guy. I mean, why isn't that enough? Well, Your Honor, I think your point actually presupposes also that a midwife is not necessarily capable of treating a man himself. And that needs to be further elaborated on to reach the non-frivolous allegation. Are you serious? Yeah? Yes, Your Honor. All right. What he needs to do is include specific details about his allegations to establish that a reasonable person would look at these and think- So the difference in this case would have been, according to you, if the complaint said, and because midwives work on girl parts, not boy parts, and he has boy parts, that's what needed- the addition that needed to be in here to give it the level of specificity that you're saying would suffice? I'm saying- A midwife doesn't work on guys. It has to say that expressly? I'm saying he needs to address what her qualifications were more than just male versus female. Yes, Your Honor. He needs to allege what her qualifications were about her midwife status, especially given, as you pointed out, there are different types of midwives. He needs to allege that she was a type of midwife and may have been one of those- Well, I suggested there were different types of midwives. I suggested that states had different levels of certification or non-certification as required for midwives. I didn't suggest that I believed that midwives treat men, nor does the record have any suggestion to that extent. But I believe it is that lack of specificity and that lack of further detail about her midwife qualifications that makes this allegation privileged rather than not. Going back to the other allegation, the first allegation about him or her replacing what he called qualified medical staff with unqualified individuals, you pointed out also that he doesn't allege why this was a bad action. He just says this harmed the agency's mission, or he said it harmed the agency's ability to professionalize the medical staff. Don't you think in a situation like this you all should just have a quick jurisdictional hearing? Because this question is imminently answerable. Is she just a midwife? What is she qualified to do and not do? The question is so easily answered in a jurisdictional hearing. This doesn't have to go to the merits. Why don't you all do that in situations like this? Because jurisdiction is established by non-purpose allegation whistleblower cases. So hearings are more appropriate for it. Let me just play this out for you. We've got a doctor who says his supervisor took out his PA, his physician's assistant, replaced the physician's assistant with herself when he was treating the president of Afghanistan at the president's palace. She is not qualified to offer the medical treatment, he says. And he says, while she's there, she touched a lot of sterile equipment, rendering it unusable. She upset the president of Afghanistan so much that he called the base and said, don't ever let that woman come to my house again. He complains to her supervisor, Colonel or Commander Witter, I don't know if I'm getting the name right, that she did this. After she finds out he complained about her having done this, she comes to him, yells at him, according to him, yells at him for having done that. And the very next day, according to him, just one day after she confronts him and yells at him for having complained about her, he's told that she has removed him from his position and sending him home. Those are the facts alleged. Now, they may not be true. But how is that a non-frivolous allegation that a protected disclosure that could be a contributing cause to someone's removal? I mean, when you lay it out like that, it's... I think part of your hypothetical, Your Honor, is about whether or not there was a contributing factor and that... Well, that's part of the determination of whether there's a protected disclosure, right? Whether there's a contributing factor is not part of the determination as to whether or not there's a protected disclosure. Well, whether there's a protected disclosure that is a contributing factor or both. But how does that not meet at least a non-frivolous allegation standard? Because you have to allege both, right? You have to allege protected and contributing. You have to allege both. You can't look at them separately. You can't look at them together. So you look at the protected disclosure part individually just to see whether or not... I understand. And your point is well taken. But why isn't that enough just to meet the non-frivolous allegation? Now, if it is untrue, can't the government come in very quickly in a jurisdictional hearing, ask for one up front, no merits, and just say, here's her certification. Turns out she is, in fact, a nurse. That makes his claim that she's unqualified completely frivolous. Because that would not actually be appropriate at the jurisdictional stage for the MSPB's non-frivolous allegation determinations. They do not consider evidence from the other side. They only consider... In whistleblower cases, a non-frivolous allegation establishes jurisdiction. It's distinct from removal cases. Yes. Particularly the involuntary removal cases where if it's a non-frivolous allegation, that gets you to a jurisdictional hearing on whether the removal was voluntary or not. Yes, that is correct. So you can't have a jurisdictional hearing? Not for whistleblower cases. All defenses have... The only way to get to jurisdiction is to make the non-frivolous allegation. There is no separate fact-finding hearing to see whether or not the allegation is non-frivolous. So what does that mean? If I think this is a non-frivolous allegation, what has to happen now? If he made a non-frivolous allegation that that was a protected disclosure and made a non-frivolous allegation that there was a contributing factor which was not breached here, there would be hearing on the merits as to whether or not whistleblower reprisal occurred. Does the MSPB have anything like expedited summary judgment? I mean, because here's the thing. If it turns out that this Colonel Tate is, in fact, a nurse, that puts an end to his claim that she was unqualified and that it was, therefore, either an abuse of power or a risk to health or human whatever. So is there some way that the government is able to shortcut this process if someone makes what are truly frivolous allegations but only on the basis of looking at the evidence? Well, that's why the non-frivolous allegation... I see my time has expired, right? Please, yes. Okay, the non-frivolous allegation stage requires a little bit more than just a bare conclusory allegation from the appellant. It requires some level of evidence. Yeah, but what if he said she is a midwife, she is not a nurse, she has no other medical training, she has only ever treated women? And if all of that is untrue, it turns out, what is the government's ability to put a stop to a case where the arguments as made are not frivolous but they're actually completely untrue and thus are frivolous? The government would have to rebut those allegations at a hearing if jurisdiction is established based on that allegation. I see. If this court is in order, questions? Yep. I understand why you're doing it, but we hate when you guys split this time, so please don't have the same discussion that we just did. I mean, if there's more you need to add or something you really want to add to what he said, go for it, but the redundancy is not necessary. Thank you, Your Honor. To meet his burden and establish the board's jurisdiction below, Dr. Hansen had to make non-conclusory, facially plausible, and detailed allegations of fact that could convince a disinterested observer that the agency had engaged in gross mismanagement or abuse of authority. Despite multiple opportunities to meet that burden and with the assistance of counsel, Dr. Hansen rested on his opinions and his conclusions that the agency had engaged in mismanagement, gross mismanagement, and abuse of authority, and he omitted all of the essential facts that could let a disinterested observer agree with those opinions and those conclusions. When an employee files an IRA appeal and does all this stuff about protected disclosures and makes his allegations, is the agency allowed to respond to arguments about why they aren't protected? Yes, Your Honor, and the Army in this case did file multiple briefs. Are they allowed to submit evidence? Not as they pertain to the mayor. It's based just on his allegations? Correct, and if there is a contradiction of fact, the agency is supposed to give the benefit to the employee and not to the agency. But they're allowed to point out inconsistencies and lack of evidence in the allegations? Yes, and the Army here did make arguments about the paucity and the porousness of Dr. Hansen's allegations. With respect to Disclosure 4 in particular— Did you argue that they were false? No, they did not concern the merits of the allegations themselves, just concerned the sufficiency of the allegations. With respect to Disclosure 4, Dr. Hansen is arguing that Colonel Tate abused her authority in putting herself in the position that she was in to go with him on this visit to treat the president of Afghanistan. To establish an abuse of authority, Dr. Hansen had to show that the decision to put herself in that position was arbitrary or capricious at the first level. Dr. Hansen did not provide enough facts or details concerning the decision and why it was arbitrary or capricious to permit him to get past the second part, which he was very focused on, whether that resulted in personal gain to Colonel Tate. The things that would have been helpful if he had provided were the reason for the visit, what treatment did the president of Afghanistan need, who else was going to be there. Apart from whether she's a nurse midwife or a nurse, does the record show what her position is in Afghanistan? What was her role there? She was the first level commander in charge of the combined joint medical unit that Dr. Hansen was helping. They are in theater. He is a civilian employee on an expeditionary mission supporting an army unit, which in turn is supporting a very large NATO operation to advise and help the government of Afghanistan. The big part of what he was there to do was to give advice and help them professionalize their national medical system, and sometimes he provided direct medical care. Is there some sort of table of organization within the record?  Dr. Hansen, in order for her decision to put herself in that position, for her decision to be arbitrary or capricious, there would have to be no rational basis for her to do that other than, as Dr. Hansen alleges, to satisfy her own interests in getting a photo opportunity. She is his first level military commander. The allegation is that he is going to provide direct medical care to the president of a foreign country, and Colonel Tate decided to put herself in the position of going with him and displacing a physician's assistant for what purpose. It's not clear from the record, but the implication is that she was going to be providing medical care along with Dr. Hansen, but there are no facts to support that. Well, the facts that he alleged are that she touched and rendered unsterile, sterile equipment. So was that by accident? Did she trip and fall into the equipment? I mean, she was touching, at least as alleged, she was touching medical equipment within the treatment room. Two things about that allegation, Your Honor. The first is that allegation appears in an unsworn statement provided to the administrative judge below. By regulation, the allegations that can support a non-fairless allegation have to be sworn or under penalty of perjury. That particular allegation was not. The sworn allegations in the response to the October 27 jurisdictional order are sworn, and that detail is not in there. Did you make that argument in your brief? I don't recall it. Because he makes the argument in his blue brief that she touched sterile equipment and thereby rendered the equipment unusable during the medical treatment. I don't recall you saying that this statement was in an unsworn capacity and thus can't be used in your response to fleeting. Rebrief to us. That is not in our brief, nevertheless. You don't think that could be waived by you? It could be waived. All right. But if the court is applying a de novo standard, the regulation does control whether the allegations are non-frivolous. Did he argue this as a substantial danger to public health and safety or an abuse of discretion, authority case? It seems from pages 10 and 18 of the petitioner's brief that he's not relying on a substantial and specific danger standard. If he had, there would be citations to the case law concerning what would be necessary to make out that prolonged 2302B8 that's not in the petitioner's brief or in his reply. But with respect to abuse of discretion, pardon me. I struggle with this. Is there anything very specific in the record about his disclosures to OSC? I found like an email or something like that. Is there any more detail about he wrote a letter to the special counsel saying I've made these disclosures and I've been retaliated against in X way? There are multiple iterations of, I think, a web form that he filled out that went to the disclosures unit. Then when OSC reached out to him for follow-up, he submitted some additional information with the assistance of counsel which provided some additional allegations. Where is that in the record? That would be on pages, appendix, around page appendix 45 and 46 are his counsel answers and follow-up to the OSC's questions. And that precedes his appeal form to the MSPB. This is not to the MSPB. Correct. Okay. Thank you. With respect to abuse of authority, the focus on whether the decision was arbitrary or capricious has to be measured at the time the decision is made and not based on the consequences after the decision is made. The allegation, sworn or unsworn, that Colonel Tate contaminated the sterile field when she was present doesn't entirely bear or resolve the question whether her decision to be present in the first instance was arbitrary or capricious. The focus on the decision should be based on when the decision is made and not what happened afterward. That's assuming we don't understand his allegation as a disclosure of she created a risk to public health or safety by contaminating the examining room. Correct, Your Honor, and I see that I'm past my time. But if I may finish my answer to your question. Even if we were looking at a substantial or specific danger to public health or safety, we would still probably want additional detail about why they were present, who else was present, and what else those other people were doing. For the reasons previously stated, we ask that the court affirm the decision below. Okay. Thank you. Judge Hughes, you asked the question, is there a specific example of how Disclosure I would impact the ability to provide medical care in that theater? Disclosure IV is that specific example for you. In Disclosure IV, he specifically identifies the danger. Well, you can't bootstrap what you disclosed in IV to make Disclosure I a non-frivolous allegation. I understand. The key here is only one of these disclosures needs to be established to establish the board's jurisdiction here, and Disclosure IV was sufficient as an abuse of authority. Disclosure V, the administrative judge completely ignored it. Let me ask this. Did you plead Disclosure IV only as an abuse of authority, or did you ever argue that it also demonstrated a specific danger to public health and safety or whatever that language is?  With regards to your argument about bootstrapping the two together, with Disclosure V, we make the argument that by fragmenting all these issues out, you actually ignore the gross impact that this is having, the aggregate effect. Dr. Hansen disclosed each one of I through IV individually, and then Disclosure V, he made first to Colonel Franks, who was the chief of staff at the time in the theater, and then again to Colonel Whittle, who was the incoming chief of staff. It was a changing of the guard at that point in time. The administrative judge completely refused to analyze that altogether. Any one of those could be sufficient for establishing the board's jurisdiction. Judge Moore, you asked the question about could the MSPB ask or request for a jurisdictional hearing. I've been in more jurisdictional hearings at the MSPB than I can remember. We do them in IRA appeals. We do them in USERRA appeals. We do them rarely in Chapter 75s or Chapter 43s because that's a little bit more straightforward. But sometimes with probationary employees, things of that nature. Wait, you think the MSPB has evidentiary hearings to establish jurisdiction in WPA cases? Yes, I've been in jurisdictional hearings with – I'm trying to remember a specific case on a whistleblower case, but I'm pretty certain I had one many years ago with a Bureau of Indian Affairs case where there was a very similar issue. Is it after this court established that the only burden you needed to meet to establish jurisdiction was non-frivolous allegations? Because that's what our case law says. That is what the case law says, and it was – I'm not aware of the specifics, but I would guess it was within the last five years. The non-frivolous allegations go back at least through 2011, 2008, or earlier. So if you think even if you've established non-frivolous allegations that the agency can come in and say we want summary judgment on jurisdiction because they're prohibited, their facts are wrong. Can the agency request that? The MSPB, the only summary judgment power, I guess, if you will, that an administrative judge has is at the jurisdictional level. And many times if there's an issue of jurisdiction, whether it's credibility or things of that nature that are left unresolved, an administrative judge can order the hearing. The administrative – the MSPB judge can say – In whistleblower appeals, that's a hearing on whether there are non-frivolous allegations, not whether the agency has rebutted those non-frivolous allegations to disprove jurisdiction. Well, as this court has repeatedly held, if there is any question as to whether or not there is jurisdiction or not, that doubt should be resolved in favor of the appellant at that point. Yeah, but you're saying that the agency can, at a jurisdictional hearing, rebut an allegation of non-frivolous jurisdiction. I don't think that's true in a whistleblower case. I would say that they can rebut the non-frivolous allegation, but if there was some sort of factual dispute that made the allegation completely untrue, I could see that being a grounds for doing a hearing at that point in time, as Judge Moore stated before. What kind of hearing? Once you establish non-frivolous allegations in a whistleblower case, you go to the merits. So, sure, they could, as part of their merits argument, put on evidence showing that this woman was a nurse, not just a midwife, and therefore prove that it actually wasn't a disclosure on the merits. But there's no summary adjudication procedure to do that, is there? No, there's not a summary adjudication, other than if the board finds there's not jurisdiction. And if the administrative judge decides that a jurisdictional hearing is required to establish that, that is something that's within the administrative judge's power. I would point out that what you're describing, the White vs. Air Force case that the intervener cites in their brief, is exactly that example. There was a question as to whether or not the QES program was gross mismanagement. That case was decided after initial decision, after hearing. The merits, as well as whether or not it was gross mismanagement, resulted against the appellant, but it survived jurisdiction. And that's our argument as to why this case should go forward to a hearing. I see I'm out of time. Is it your view that if it does go forward to a hearing on the merits, suppose that I only think allegation 4 is non-frivolous, and I think the rest of them are frivolous. Is it your view that if it goes forward to a hearing on the merits, it opens up the ability on the merits to address anything at all the whistleblower thinks amounts to a protected disclosure? Or is it your view that the merits hearing would be limited to the thing that we said was non-frivolous? It would be limited to that disclosure, I think at that point in time, that was found to grant jurisdiction on the board. Okay. At which point in time, you'd then go to the contributing factor. Okay, thank you. Thank you, Your Honors. Thank all counsel for their argument. It was actually very helpful.